# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **CLAUDIA GUERRERO-POCHE, et al.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**DEPARTMENT OF EDUCATION OF THE COMMONWEALTH OF PUERTO RICO, et al.,**<br><br>**Defendants.** | **CIVIL NO. 16-2426 (PAD)** |

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

Claudia Guerrero-Poché, personally and on behalf of her minor children I.M.G. and A.M.G., seek costs and attorney's fees in connection with an administrative proceeding and the present action under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-141 (Docket No. 1). Conceding that the plaintiffs are entitled to the remedy requested, defendants nevertheless object to the hourly rate increase of plaintiffs' counsel from $135 to $150 because "the Commonwealth of Puerto Rico and the Department of Education are facing a period of severe economic crisis" (Docket No. 8 at p. 2). The costs and attorney's fees of the administrative proceeding are granted, and the judicial costs denied without prejudice.

First, plaintiffs' counsel's $150 hourly rate is reasonable. He has 12 years of experience litigating civil cases in federal and state courts (Docket No. 10 at p. 3). That Puerto Rico faces a severe economic crisis does not support defendants' objection to the hourly rate. As a sister court pointed out, "[w]hether the Commonwealth's coffers permit payment as ordered…is a different matter, and not a defense nor valid objection…to calculating counsel's hourly rate." See, Nahir Ortiz-Cardona v. Department of Education of Puerto Rico, No. 15-3121 (D.P.R. March 24,

2017)(Delgado-Hernández, J.)(finding reasonable the $150 hourly rate requested by plaintiffs' counsel in an IDEA case); Pérez-Ortiz v. Department of Education of Puerto Rico, No. 16-2424 (D.P.R. Sept. 14, 2016)(Gelpí, J.)(same)[1]

Second, recovery of judicial costs is controlled by Local Rule 54(b), which directs the prevailing party to file a bill of costs within 14 days from the entry of judgment. Given that judgment has not been entered, plaintiffs' request for recovery of costs related to the present action is not properly before the court. See, Santiago v. Commonwealth of Puerto Rico, 2010 WL 3419985, at *6 n.8 (D.P.R. 2010)(finding that plaintiff "is not entitled to receive payment for costs…through this motion…[for] proper procedure for receiving costs requires plaintiff's counsel to file a verified bill of costs…"); Pagán-Meléndez v. Puerto Rico, 2015 WL 1968839, at *3 (D.P.R. 2015)("Because the plaintiffs flouted Local Rule 54…their request to recover the remainder of the costs…is denied without prejudice to its being renewed in accordance to the prescribed procedure").

In consequence, plaintiffs' petition at Docket No. 1 to recover $6,427.00 in attorney's fees and $550.40 in costs as the prevailing party in the underlying administrative proceeding on behalf of the minors I.M.G. and A.M.G. is GRANTED; (2) plaintiffs' request at Docket 21 to recover $870.00 in attorney's fees incurred in this litigation is GRANTED; and (3) their request for copying costs at Docket 21 is DENIED WITOUT PREJUDICE. In consequence, plaintiff is awarded $7,847.40. Judgment shall be entered accordingly.

---

[1] See also, Cintrón-Marzán v. Department of Education of Puerto Rico, No. 16-2168 (D.P.R. October 3, 2016)(ECF No. 19)(Domínguez, J.)(approving plaintiffs' counsel's hourly rate increase in an IDEA case from $135 to $150).

Claudia Guerero-Poché, *et al.* v. Department of Education of the Commonwealth of Puerto Rico, *et al.*
Civil No. 16-2426 (PAD)
Page 3

**SO ORDERED.**

In San Juan, Puerto Rico, this 2nd day of May, 2017.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge
